UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-CV-14016-AMC

SUBSEA MARINE SERVICES, INC.,

Plaintiff,

vs.

SINT MAARTEN INTERNATIONAL
TELECOMMUNICATIONS SERVICES,
INC. a/k/a SMITCOMS, INC.,

Defendant.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION TO TAX COSTS (ECF No. 166)**

Plaintiff, Subsea Marine Services, Inc. ("Subsea"), having prevailed on its claims and against the counterclaim of Defendant, Sint Maarten International Telecommunications Services, Inc. a/k/a Smitcoms, Inc. ("Smitcoms"), moves to tax costs under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, and has filed a bill of costs. ECF Nos. 166, 193. Smitcoms filed a Response to the Motion, ECF No. 184, and Subsea filed a Reply. ECF No. 187. U.S. District Judge Aileen M. Cannon referred the Motion to me for a Report and Recommendation. For the reasons that follow, I **RECOMMEND** that the Motion be **GRANTED IN PART and DENIED IN PART**.

**BACKGROUND**

Subsea initiated this lawsuit in the Nineteenth Judicial Circuit in and for Martin County, Florida, on December 20, 2023. ECF No. 3-1. Smithcoms removed the

case to this Court on January 19, 2024. ECF Nos. 1, 3. The parties litigated the case to a jury trial, at which the jury found in favor of Subsea on its claims and Smithcoms' counterclaim, and awarded Subsea $286,250.00 in damages for breach of contract and $3,900 for unjust enrichment. ECF No. 156. The Court entered final judgment in favor of Subsea and against Smithcoms on November 4, 2025. ECF No. 159.

## LEGAL PRINCIPLES

Federal Rule of Civil Procedure 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). However, this presumption is not without limits, and courts may only tax costs as authorized by statute. *See U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co.*, 482 U.S. at 441–42. This section provides in part:

A judge or clerk of any court of the United States may tax as costs the following:

(1)    Fees of the clerk and marshal;

(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

2

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

It is well settled that Section 1920 should be narrowly construed. *West v. Zacharzewski*, No. 18-14156-CIV, 2019 WL 2567665, at *1 (S.D. Fla. May 29, 2019) (J. Maynard) (collecting cases). The party seeking to tax costs must justify its request with specific evidence:

> The movant must not only show that the costs claimed are recoverable, but must also provide *sufficient detail and sufficient documentation* regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court.

*Doherty v. Deputy Borrow*, No. 23-CV-14395, 2026 WL 1415011, at *4 (S.D. Fla. Apr. 30, 2026) (quoting *Woods v. Progressive Am. Ins. Co.*, No. 19-CV-80517, 2024 WL 454401, at *2–3 (S.D. Fla. Feb. 6, 2024) (emphasis in original)); *see also, Lee v. American Eagle Airlines, Inc.,* 93 F.Supp.2d 1322, 1335 (S.D. Fla. 2000) (movant "bears the burden of submitting a request for expenses that would enable the court to determine what expenses were incurred and whether Plaintiff is entitled to them") (citing *Loranger v. Stierheim,* 10 F.3d 776, 784 (11th Cir. 1994)).

The movant should justify its costs by adequately describing the necessity of the services provided and their relationship to the case. *See Davis v. Commercial Union Ins. Co.,* 892 F.2d 378, 385 (5th Cir. 1990) (ruling that the district court did not abuse its discretion in denying costs where "the affidavit in support of the motion for costs 'fail[ed] to set out with sufficient particularity [the expenditures] in order for

3

the Court to determine the reasonableness' of the costs."). Indeed, failure to submit supporting documentation verifying the costs incurred and the services rendered (e.g., bills, invoices, receipts, etc.) can be grounds for denial of costs. *See Johnson v. Mortham,* 173 F.R.D. 313, 318 (N.D. Fla. 1997). But, "[u]pon the filing of a timely bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the costs requested fall outside the scope of 28 U.S.C. § 1920 or are otherwise unreasonable." *R.M. v. Miami-Dade Cnty.*, No. 20-CV-25270, 2022 WL 2669489, at *2 (S.D. Fla. June 20, 2022).

The Court retains discretion to decline to award some or all of the prevailing party's costs. *Campbell v. Rainbow City, Alabama,* 209 Fed. Appx. 873, 875 (11th Cir. 2006). But, "a 'persuasive reason'" is required. *Friends of Everglades v. S. Florida Water Mgmt. Dist.*, 865 F. Supp. 2d 1159, 1165 (S.D. Fla. 2011) (citing 10 Charles Alan Wright, et al., Federal Practice and Procedure § 2668 (3d ed. 1998)).

## DISCUSSION

### A. *Subsea is the prevailing party.*

Smitcoms argues that Subsea is not a prevailing party because the jury awarded only $286,250.00 in damages when Subsea sought $743,229.74, and because damages for unjust enrichment were reduced. ECF No. 184 at 2. Subsea is the prevailing party, as clearly outlined in the Final Judgment, in which the court entered final judgment in favor of Subsea on its breach of contract and unjust enrichment claims, as well as on Smitcoms' counterclaim for breach of contract, and stated that Smitcoms shall take nothing by this action. ECF No. 159.

Subsea seeks $4,520.47 in costs. ECF No. 166 at 4. The Bill of Costs form attached to Defendant's motion lists the following costs:

| | |
|---|---|
| Fees of the Clerk | $410.00 |
| Fees for Service of Summons and Subpoena | $565.00 |
| Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case | $3,444.35 |

ECF No. 193.

### B. Fees of the Clerk

Subsea seeks $410.00 for the filing fee it paid in state court, prior to Smitcoms' removal to this Court, and attaches a receipt for this amount. ECF No. 193 at 4. Filing fees are recoverable under § 1920, and the Court recommends that Subsea recover the amount of $410.00. *See Goodman v. Sperduti Enter., Inc.*, No. 08-CV-62096, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920.").

### C. Service of Process

Subsea seeks $565.00 for service of process in this case. ECF No. 193. Smitcoms argues that these costs are not "fees of the clerk and marshal" because Subsea used a private process server and, therefore, this cost is not recoverable under § 1920. ECF No. 184 at 3. However, it is well-settled that private process server fees may be taxed pursuant to § 1920, provided they do not exceed the service rates charged by the U.S. Marshal's Service. *W & O, Inc.*, 213 F.3d at 624; *Davis v. Sailormen, Inc.*, No. 6:05-

5

cv-1497-Orl-22JGG, 2007 WL 1752465, at *2–3 (M.D. Fla. June 15, 2007) (awarding costs for service of subpoenas based on Marshal's rates). The current regulations provide that the Marshal's Service charges $65.00 per hour for each subpoena served. *See* 28 C.F.R. § 0.114. As a result, a party is entitled to recover $65.00 for use of a private process server.

Here, Subsea seeks to recover $100.00 for service on Smitcoms and $465.00 for service on Laura Rozas DLA Piper (Puerto Rico) LLC, including rush fees. ECF No. 193 at 5–8. But Subsea did not establish that there were any extraordinary circumstances warranting expedited service. Therefore, rush service fees should not be awarded. *See Cardona v. Mason and Dixon Lines, Inc.*, No. 16-22704-CIV, 2018 WL 369160, at *4 (S.D. Fla. Jan. 10, 2018) (finding rush fees will not be awarded absent extraordinary circumstances). Thus, the amounts sought exceed the maximum allowed and should be reduced to $65.00 for each event of service for a total of $130.00.

### D. Transcript Costs

Printed transcripts and the stenographer's attendance fee for necessarily obtained transcripts are taxable. *Whittier v. City of Sunrise*, 2008 WL 5765868, *5 (S.D. Fla. Dec. 3, 2008) (finding that under § 1920, the transcript and attendance fee of the court reporter are recoverable); *George v. Florida Dept. of Corrections,* 2008 WL 2571348, *6 (S.D. Fla. May 23, 2008). "To satisfy the necessarily obtained requirement, a deposition must only appear to have been reasonably necessary when it was taken." *Rollock v. Gate Gourmet, Inc.*, No. 24-CV-61661, 2026 WL 1458292, at

*3 (S.D. Fla. Apr. 29, 2026) (citing *EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)).

Courier, postage, exhibits, expedited copies, condensed transcripts, and shipping and handling fees are not taxable costs under Section 1920. *Katz v. Chevaldina,* 127 F. Supp. 3d 1285 (S.D. Fla. 2015); s*ee also George,* 2008 WL 2571348 *report and recommendation adopted in part,* No. 07-cv-80019, 2008 WL 11412061, at *6 (S.D. Fla. July 7, 2008) (finding expedited and condensed transcripts not recoverable where claimant was unable to prove necessity, rather than mere convenience); *Suarez v. Tremont Towing, Inc.,* 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008) (declining reimbursement for delivery charges or charges for exhibits); *Univ. of Miami v. Intuitive Surgical, Inc.*, No. 04-20409-CIV, 2007 WL 781912 (S.D. Fla. Mar. 13, 2007) (finding videotapes of the same deposition, copies of transcript exhibits, postage and handling are not taxable). If a deposition invoice is not itemized to differentiate between taxable and non-taxable costs, a movant has not met its burden. *See Holmes v. City of Ft. Pierce, Fla.*, No. 18-CV-14461, 2022 WL 1409572, at *7 (S.D. Fla. July 28, 2022) (citing *J.G. v. Carnival Corp.*, No. 12-CV-21089, 2013 WL 546412, at *4 (S.D. Fla. Sept. 28, 2013)).

Here, Subsea seeks $3,444.35 in transcript and stenographer's costs, broken down as follows:

Court reporter's attendance at deposition of Laura   $357.50
Lozas

| | |
|---|---|
| Transcript of Laura Lozas deposition | $341.80 |
| Court reporter's attendance at deposition of Jed Carty | $95.00 |
| Transcript of Jed Carty deposition | $161.20 |
| Court reporter's attendance at deposition of Kendall Dupersoy | $250.00 |
| Transcript of Kendall Dupersoy deposition | $378.00 |
| "Court Reporting" for Deposition of Peter Theophanis | $1,817.95 |
| Proceedings Before U.S. District Judge Aileen M. Cannon 8/20/2025, 1-day turnaround. | $42.90 |

ECF No. 193.

Subsea should recover some, but not all, of the $3,444.35 it seeks for transcripts. The court reporter's attendance fees and the transcripts for the depositions of Laura Lozas, Jed Carty, and Kendall Dupersoy appear to have been reasonably necessary for the case and the invoices reflect taxable costs of the court reporter's attendance and transcripts. These deposition transcripts were also used as exhibits to Subsea's Motion for Summary Judgment. ECF Nos. 63–64. However, the invoice for Peter Theophanis' deposition is not itemized, and the Court cannot properly differentiate taxable from non-taxable costs. Therefore, Subsea has not met its burden with respect to showing that the costs of Mr. Theopanis' deposition are taxable. In addition, Subsea provides no explanation as to why it was necessary to order a transcript of court proceedings with a one-day turnaround, and this cost should not be taxed.

Accordingly, Subsea should recover $1,583.50 in transcript costs.

## RECOMMENDATION

Accordingly, I **RECOMMEND** that Defendant's Motion for Costs (ECF No. 166) be **GRANTED IN PART AND DENIED IN PART** and that the District Court tax costs pursuant to 28 U.S.C. § 1920 in the amount of $2,123.50.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers this 24th day of June, 2026, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

9